# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                                                                    :
                                  Plaintiff,          :      23 Civ. 580 (RSM)
                                                                                    :
                   - against -                  :      ECF Case
                                                                                    :
BITTREX, INC., BITTREX GLOBAL GMBH, and   :
WILLIAM HIROAKI SHIHARA,                                 :
                                                                                    :
                                Defendants.      :
                                                                                    :
----------------------------------------------------------------------x

**FINAL JUDGMENT AS TO DEFENDANTS BITTREX, INC., BITTREX GLOBAL GMBH, AND WILLIAM HIROAKI SHIHARA**

The Securities and Exchange Commission having filed a Complaint and Defendants Bittrex, Inc. ("Bittrex"), Bittrex Global GmbH ("Bittrex Global"), and William Hiroaki Shihara ("Shihara") (collectively, "Defendants") having appeared and having consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly, Section 5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78e] by, directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce for the purpose of using any facility of an exchange within or subject to the jurisdiction of the United States to effect any

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

transaction in a security, or to report any such transaction, unless registered as an exchange in accordance with Section 5 of the Exchange Act or exempt from such registration;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, operating as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless registered as a broker or dealer in accordance with Section 15(a) of the Exchange Act; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly Section 17A of the Exchange Act [15 U.S.C. § 78q-1] by making use of the mails or any means or instrumentality of interstate commerce to perform the functions of a clearing agency with respect to any security (other than an exempted security) without registering as a clearing agency in accordance with Section 17A(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants Bittrex's and Shihara's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Bittrex or Shihara or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bittrex Global is permanently restrained and enjoined from violating, directly or indirectly, Section 5 of the Exchange Act [15 U.S.C. § 78e] by,  directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce for the purpose of using any facility of an exchange within or

Final Judgment  
SEC v. Bittrex, Inc., et al.  
Case No. 23-cv-580 (RSM)

Securities and Exchange Commission  
New York Regional Office  
100 Pearl Street, Suite 20-100  
New York, New York 10004  
(212)-336-1100

- 2 -

subject to the jurisdiction of the United States to effect any transaction in a security, or to report any such transaction, unless registered as an exchange in accordance with Section 5 of the Exchange Act or exempt from such registration.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Bittrex Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Bittrex Global or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Defendants Bittrex and Bittrex Global are jointly and severally liable for disgorgement in the amount of $14,400,000.00, representing profits gained as a result of conduct in the Complaint, together with prejudgment interest thereon in the amount of $4,000,000.00, and a civil penalty in the amount of $5,600,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], for a total of $24,000,000.00 (the "Judgment").  The Defendants shall satisfy the obligation by paying to the Securities and Exchange Commission $24,000,000 within 60 days after the Effective Date of a Chapter 11 Plan of Liquidation (the "Plan") in the Bankruptcy Case of Bittrex Inc., case no. 23-10598 (Bankr. Del. 2023) ("Bankruptcy Case").

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission will not enforce the Court's judgment for disgorgement, prejudgment interest, and civil penalty in this Final Judgment against Defendant Bittrex Global until 90 days after the Effective Date of the Plan and only to the extent that the Judgment is not paid under the Plan, but if the Plan has not gone effective by March 1, 2024, the Commission may enforce the Court's judgment against Bittrex Global at any time

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 3 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

after March 1, 2024.  Any amounts payable from Defendant Bittrex shall be due and owing no later than 60 days after the Effective Date of the Plan in the Bankruptcy Case.  Post judgment interest shall not begin to accrue until 90 days after the Effective Date of the Plan in the Bankruptcy Case, but if the Plan has not gone effective by March 1, 2024, post judgment interest will begin to accrue after March 1, 2024.  To the extent any post judgment interest is due, Defendants Bittrex and/or Bittrex Global shall pay such interest.

V.

Defendants Bittrex and/or Bittrex Global may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants Bittrex and/or Bittrex Global may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Bittrex and/or Bittrex Global as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Bittrex and/or Bittrex Global shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants Bittrex and/or Bittrex Global relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 4 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.   The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants Bittrex and/or Bittrex Global shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants Bittrex's and/or Bittrex Global's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants Bitterx and/or Bittrex Global's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants Bittrex and/or Bittrex Global shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants Bittrex and/or Bittrex Global by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action; provided however that nothing in this paragraph shall affect or supersede the terms of the confirmed Plan.

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 5 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2023

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 6 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100